# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| BRADLEY DALE SCOTT | § | |
| | § | |
| V. | § | CASE NO. 4:15-CV-480 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## MEMORANDUM OPINION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED**.

## HISTORY OF THE CASE

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on December 12, 2012 claiming entitlement to disability benefits due to impairments that became disabling on January 31, 2012. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) on November 15, 2013. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Jerold L. Hildre, testified.

On March 17, 2014, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on May 20, 2015. Therefore, the March 17, 2014 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since January 31, 2012, the alleged onset date (20 CFR 404.1571, *et seq.*).

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, obesity, and history of remote left ankle fracture (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 [20 CFR 404.1520(d), 404.1525 and 404.1526].

5. After careful consideration fo the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that claimant must intermittently alternate sitting and standing.

6. The claimant is capable of performing past relevant work as an educational advisor as generally performed in the national economy. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from January 31, 2012, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 12-18).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive

and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered

disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fourth step.

## **ANALYSIS**

Plaintiff sets forth one point of error. Plaintiff takes issue with the ALJ's credibility analysis. It is the role of the ALJ, not this Court, to resolve any evidentiary conflicts and the findings of the ALJ as to credibility are entitled to deference. *See generally Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).

In this case, the ALJ determined that Plaintiff had a restricted RFC for sedentary work. An ALJ must first consider a claimant's subjective statements regarding limitations as a factor in determining RFC. *See* SSR 96-7p, 1996 SSR LEXIS 4, *10-11. If the ALJ declines to incorporate

those lmitations into the RFC finding, theALJ must articulate reasons for discrediting the claimant's subjective complaints. *See Abshire v. Bowen*, 848 F.2d 638,642 (5th Cir. 1988).

Here, the ALJ began his RFC discussion by noting that he considered Plaintiff's symptoms in line with the governing SSA regulations. He then followed with his explanation of why the evidence led him to discount Plaintiff's claims. *See* Tr. 14-18.

Plaintiff claims that the ALJ erred in his application of SSR 82-59 which provides that "an individual who would otherwise be found to be under a disability, but who fails without justifiable cause to follow treatment prescribed by a treating source which the SSA determines can be expected to restore the individual's ability to work, cannot by virtue of such 'failure" be found to be under a disability." *Id.* However, the Rule applies only to claimants who would otherwise be disabled within the meaning of the Act.

The ALJ did not find Plaintiff's impairments to be disabling but rather implausible for the reasons he cited. For example, the ALJ noted that Plaintiff's x-rays only showed "minimal" degenerative narrowing (*see* Ex 4F). The radiology report also notes no acute lumbar spine abnormality. Tr. 313. In fact, prior back studies noted in the records going back over 15 years are basically unremarkable. *See* Tr. 305-306.

Plaintiff claims that he couldn't take medication because of kidney and liver problems. However, the AlJ thoroughly discussed this in his report noting that there was no evidence to support the claim. Tr. 17.

Plaintiff also argues that he was told to discontinue his pain medications. As the ALJ noted, Plaintiff testified that he took himself off pain medication. Tr. 15. The ALJ also noted that even Plaintiff's doctor opined that Plaintiff was stable and no resumption of medications was warranted. Tr. 16. The ALJ did note that Plaintiff had a positive straight leg raising test and that a prior MRI

5

had shown degenerative changes in the disc and a small protrusion at L4-5.

The ALJ also took into account that Plaintiff intended to resume work in 2012 and had applied and received unemployment benefits – which would be inconsistent with any position that he was unable to work. Tr. 28-29. Plaintiff also was out looking for a job during the time of his presumptive disability. Tr. 17, 29-30. A claimant's search for employment weakens allegations of a disabling impairment. *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987). The ALJ's credibility determinations are entitled to great deference and the Court will not disturb the same. *See Newton v. Apfel*, 209 F.3d 448,459 (5th Cir. 2000).

After a thorough discussion, the ALJ noted that Plaintiff does have some pain but not to the degree argued by Plaintiff. The ALJ did a thorough analysis in his review of the evidence, and it is not the function of the Court to second guess the ALJ when he applies the correct analysis.

Pursuant to the foregoing, the decision of the Administrative Law Judge is **AFFIRMED.**

**SO ORDERED.**

 **SIGNED this 17th day of August, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE